O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY ALLEN BRYANT,<br><br>    Petitioner,<br>vs.<br>LINDA T. McGREW, Warden,<br>    Respondent. | Case No. CV 12-6252-GW (DTB)<br><br>AMENDED ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |

On July 20, 2012, petitioner, a federal prisoner currently incarcerated at the Federal Correctional Institution Medium II in Adelanto, California, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Pet.") pursuant to 28 U.S.C. § 2241. It appears from the face of the Petition that it is directed to the same conviction as the prior habeas petition filed by petitioner in this Court on August 3, 2010, in Bryant v. Quintana, No. CV 10-5752-GW (DTB) ("Bryant I"). The Court entered judgment dismissing Bryant I on November 2, 2011, after accepting and adopting the Report and Recommendation ("R&R") of the Magistrate Judge that the action be dismissed on the grounds that petitioner's claim had to be brought pursuant to 28 U.S.C. § 2255; that petitioner had failed to make the requisite showing in order to have the petition considered under the "savings clause" of 18 U.S.C. § 2241; and that petitioner had failed to obtain the requisite certification from the Court of Appeals

to provide this Court with jurisdiction to consider the petition. (See Bryant I, Docket No. 10 (R&R) at 3-7.)[1] See also Bryant I, 2011 WL 5322037, at *2-4 (C.D. Cal. Jun. 2, 2011), Report and Recommendation adopted by 2011 WL 5321018 (C.D. Cal. Nov. 2, 2011). In the instant Petition, petitioner challenges the same underlying criminal conviction as he did in Bryant I, to wit: A 1992 conviction in the United States District Court for the Southern District of Florida, whereby petitioner was found guilty by a jury of conspiring to possess cocaine with intent to distribute, using a firearm during and in relation to a drug trafficking crime, possession of a firearm by a convicted felon, and partially obliterating the serial number on a firearm. (See Bryant I, Docket No. 10 at 2.) Petitioner was sentenced to 720 months (60 years) imprisonment. (Id.) On November 15, 1995, the Eleventh Circuit Court of Appeals affirmed petitioner's conviction in United States v. Brantley, 68 F.3d 1283 (11th Cir. 1995). (See Bryant I, Docket No. 10 at 2.) On October 10, 1996, petitioner filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 in the Southern District of Florida, which was denied on April 15, 1998. (Id.) In Bryant I, the Court found that petitioner could not establish that he met the "savings clause" or "escape hatch" of 28 U.S.C. § 2255(e), which would have permitted the Court to consider his petition pursuant to 28 U.S.C. § 2241. (Id. at 3-5.) Accordingly, the Court concluded that it did not have jurisdiction to consider the petition pursuant to 28 U.S.C. § 2241, and that jurisdiction under 28 U.S.C. § 2255 would be in the Southern District of Florida. (Id. at 5-6.) Moreover, as petitioner had previously filed

---

[1] The Court takes judicial notice of the records in petitioner's prior habeas action in Bryant I pursuant to Fed. R. Civ. Evid. 201. See United States v. Author Services, 804 F.2d 1520, 1523 (9th Cir. 1986) ("It is well established that a court may take judicial notice of its own records." (citing Shuttlesworth v. City of Birmingham, 394 U.S. 147, 157, 89 S. Ct. 935, 22 L. Ed. 2d 162 (1969))), overruled on other grounds by United States v. Jose, 131 F.3d 1325, 1329 (9th Cir. 1997); see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc, 971 F.2d 244, 248 (9th Cir. 1992).

a motion under 28 U.S.C. § 2255, which had been denied, the current Section 2255 motion constituted a "second or successive" motion which could not be considered absent a certification from the appropriate circuit court of appeals, pursuant to 28 U.S.C. § 2244. As petitioner had failed to obtain such certification, the Court lacked subject matter jurisdiction to consider the petition in Bryant I. (Id. at 6.) Based on the foregoing, Judgment was entered in Bryant I, dismissing that action without prejudice. Petitioner did not file a notice of appeal from that Judgment.

The Petition now pending before the Court suffers from the same procedural infirmities as those which afflicted the petition in Bryant I. Accordingly, for the same reasons enunciated by the Court in Bryant I, the instant Petition must be dismissed.

Moreover, as also explained in Bryant I, because petitioner has already filed a Section 2255 motion challenging his underlying criminal conviction, and since that prior 2255 motion was denied on April 15, 1998, the Court must examine the instant Petition as a "second or successive" 2255 motion. "A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain" either:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). As in Bryant I, petitioner has not shown that he has satisfied this gatekeeping requirement by obtaining the requisite certification from the appropriate Court of Appeals. Therefore, since petitioner was not granted the requisite certification to bring a successive motion, this Court lacks jurisdiction to consider the Petition. See United States v. Lopez, 577 F.3d 1053, 1061 (9th Cir. 2009) ("If the

petitioner does not first obtain our authorization, the district court lacks jurisdiction to consider the second or successive application.")

For the foregoing reasons, IT IS ORDERED that this action be summarily dismissed with prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 10, 2012

_____
GEORGE H. WU
UNITED STATES DISTRICT JUDGE

Presented by:

_____
David T. Bristow
United States Magistrate Judge

4